UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JOSE J. JOSEPH                                          COMPLAINT

                        Plaintiff,                     JURY DEMAND

     -against-

THE CITY OF NEW YORK; JOHN B. HART, as Deputy Chief,
Intelligence Bureau; MARLON O. LARIN, as Deputy Chief,
School Safety Division; CARLOS A. FERNANDEZ, as
Captain, PB Paid Detail Unit; ALEXANDER L. SHOPIRO, as
Lieutenant, Patrol Borough Manhattan North Investigations
Unit; SAHER Y. ABUMALOUH, as Sergeant, Patrol Borough
Manhattan North Investigations Unit; MICHAEL J.
MCDERMOTT, as Sergeant, 46th Precinct and MICHAEL T.
BROSNAN, as Sergeant, Patrol Borough Bronx Investigations
Unit, each sued individually and in their official capacities as
employees of defendant THE CITY OF NEW YORK

                        Defendants'
-------------------------------------------------------------------------x

The Plaintiff JOSE J. JOSEPH through his attorney The Sanders Firm, P.C., files this federal complaint against Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN respectfully set forth and allege that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of the Plaintiff JOSE J. JOSEPH, (hereinafter referred to as "Plaintiff") who was and is being deprived of his civil rights because Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN falsely arrested and maliciously prosecuted him without probable cause

in supreme court ultimately resulting in his termination from the Police Department City of New York.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    a. the Civil Rights Act of 1871, 42 U.S.C. § 1983

2. The unlawful practices, violations of plaintiff's civil rights complained of herein were committed within the Southern District of New York.

## PROCEDURAL REQUIREMENTS

3. Plaintiff JOSE J. JOSEPH has filed suit with this Court within the applicable statute of limitations period.

4. Plaintiff JOSE J. JOSEPH is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

5. Plaintiff JOSE J. JOSEPH is a male citizen of the United States of America, over twenty-one (21) years of age and resident of Westchester County.

## DEFENDANTS'

6. Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

7. Defendant JOHN B. HART, as Deputy Chief, Intelligence Bureau.

8. Defendant MARLON O. LARIN, as Deputy Chief, School Safety Division.

9. Defendant CARLOS A. FERNANDEZ, as Captain, PB Paid Detail Unit.

10. Defendant ALEXANDER L. SHOPIRO, as Lieutenant, Patrol Borough Manhattan

North Investigations Unit.

11. Defendant SAHER Y. ABUMALOUH, as Sergeant, Patrol Borough Manhattan North Investigations Unit.

12. Defendant MICHAEL J. MCDERMOTT, as Sergeant, 46th Precinct.

13. Defendant MICHAEL T. BROSNAN, as Sergeant, Patrol Borough Bronx Investigations Unit.

## BACKGROUND

14. Plaintiff JOSE J. JOSEPH alleges that on or about December 1, 2019, he was falsely accused by alleged victim T.J. of Strangulation in the Second Degree and related criminal charges.

15. Plaintiff JOSE J. JOSEPH alleges that alleged victim T.J. called 911 and the responding officers including Police Officer Amanda DiFrancesco and Patrol Supervisor Sergeant Majer Saleh transported her to the 34th Precinct.

16. Plaintiff JOSE J. JOSEPH alleges that alleged victim T.J. filed a false criminal complaint referred to the Police Department City of New York 46th Precinct Complaint No.: 2019-046-011629 along with a Domestic Incident Report.

17. Plaintiff JOSE J. JOSEPH alleges that neither report notes that alleged victim T.J. was under the influence of alcohol consistent with department policy.

18. Plaintiff JOSE J. JOSEPH alleges that neither report notes alleged victim T.J.'S prior police contact consistent with department policy.

19. Plaintiff JOSE J. JOSEPH alleges that based upon the allegations of alleged victim T.J. the matter was referred to the Internal Affairs Bureau consistent with department policy.

20. Plaintiff alleges that the initial callout was handled by Defendants' MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO and SAHER Y. ABUMALOUH.

21. Plaintiff JOSE J. JOSEPH alleges that from the outset, Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO and SAHER Y. ABUMALOUH knew about the alleged victim T.J. serious 'credibility' issues pre arrest based upon their interaction with her and her prior contact with the Police Department City of New York.

22. Plaintiff JOSE J. JOSEPH alleges that according to department records, since 2005, the alleged victim T.J. has been either arrested, the alleged victim of domestic violence or accused of falsely reporting other family members and male partners of domestic violence resulting in false arrests and/or Article 10 petitions filed against them.

23. Plaintiff JOSE J. JOSEPH alleges that more importantly, other than the alleged victim T.J. false assertions, there's no independent 'corroborative' evidence that he committed any criminal offense.

24. Plaintiff JOSE J. JOSEPH alleges that Defendants' MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO and SAHER Y. ABUMALOUH interviewed alleged victim T.J. inside of the 34th Precinct but, the UF 49 prepared by Defendant CARLOS F. FERNANDEZ intentionally does not include information about the alleged victim T.J. serious 'credibility' issues regarding being under the influence of alcohol nor her prior contact with the Police Department City of New York.

25. Plaintiff JOSE J. JOSEPH alleges that with reckless disregard for the truth and lacking probable, Defendants' MARLON O. LARIN; CARLOS A. FERNANDEZ;

ALEXANDER L. SHOPIRO and SAHER Y. ABUMALOUH decided to seek authorization to arrest him for Strangulation in the Second Degree and related criminal charges.

26.     Plaintiff JOSE J. JOSEPH alleges that with reckless disregard for the truth and lacking probable cause, Defendant JOHN B. HART authorized his arrest for Strangulation in the Second Degree and related criminal charges.

27.     Plaintiff JOSE J. JOSEPH alleges that with reckless disregard for the truth and lacking probable cause, Defendants' MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN processed his arrest for Strangulation in the Second Degree and related criminal charges.

28.     Plaintiff JOSE J. JOSEPH alleges that with reckless disregard for the truth and lacking probable cause, Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN did nothing as police supervisors to stop or 'void' this false arrest as required by department policy.

29.     Plaintiff JOSE J. JOSEPH alleges that on or about December 10, 2019, Captain Mary J. King filed departmental Charges and Specifications against him related to Strangulation in the Second Degree and related criminal charges.

30.     Plaintiff JOSE J. JOSEPH alleges that with reckless disregard for the truth and lacking probable cause, on or about January 28, 2020, victim T.J. testified before the Grand Jury in the People State of New York v. Jose Joseph Docket No.: 2019BX030754, Supreme Court of Bronx County.

31.     Plaintiff JOSE J. JOSEPH alleges that with reckless disregard for the truth and lacking probable cause, on or about February 10, 2020, the Grand Jury indicted him for the crimes of Strangulation in the Second Degree, Criminal Obstruction of Breathing and related criminal

charges in the People State of New York v. Jose Joseph Docket No.: 2019BX030754, Supreme Court of Bronx County.

32. Plaintiff alleges that on or about February 19, 2020, he was arraigned for the crimes of Strangulation in the Second Degree, Criminal Obstruction of Breathing and related criminal charges in the People State of New York v. Jose Joseph Docket No.: 2019BX030754, Supreme Court of Bronx County.

33. Plaintiff JOSE J. JOSEPH alleges that with reckless disregard for the truth, on or about April 1, 2022, the department commenced the disciplinary trial against him In the Matter of the Charges and Specifications against Police Officer Jose J. Joseph Case No.: 2019-21373, for allegedly engaging in a physical altercation with a person known to the department and wrongfully failing to remain at the scene or request the response of a patrol supervisor after engaging in an off-duty incident.

34. Plaintiff JOSE J. JOSEPH alleges that after a two (2) day department trial, on or about May 6, 2022, Assistant Deputy Commissioner - Trials Paul M. Gamble recommended a finding of GUILTY and DISMISSAL from the department.

35. Plaintiff JOSE J. JOSEPH alleges that Assistant Deputy Commissioner - Trials Paul M. Gamble notes, despite 'Annette' a pseudonym for alleged victim T.J., factual assertions regarding Respondent's purported intoxication, there's was no other evidence presented to support an inference he was intoxicated on the evening in question.

36. Plaintiff JOSE J. JOSEPH alleges that Assistant Deputy Commissioner - Trials Paul M. Gamble further notes, 'Annette's' response to Counsel for Respondent's question was unclear and not directly responsive to the question posed. There is no dispute that the security camera video is approximately eight (8) seconds long, a time frame which would seem to make it

unlikely that Respondent choked 'Annette' to the point where she lost consciousness in front of her building.

37. Plaintiff JOSE J. JOSEPH alleges that yet despite 'Annette's' glaring 'credibility' issues, Assistant Deputy Commissioner - Trials Paul M. Gamble recommended a finding of GUILTY and DISMISSAL from the department.

38. Plaintiff JOSE J. JOSEPH alleges that yet despite 'Annette's' glaring 'credibility' issues, on or about July 20, 2022, Police Commissioner Keechant L. Sewell adopted Assistant Deputy Commissioner – Trials Paul M. Gamble's recommendation and entered a Final Order of Dismissal pursuant to Section 14-115 of the Administrative Code of the City of New York.

39. Plaintiff alleges that on or about July 6, 8, and 12, 2022, he stood trial for the crimes of Strangulation in the Second Degree, Criminal Obstruction of Breathing and related criminal charges in the People State of New York v. Jose Joseph Docket No.: 2019BX030754, Supreme Court of Bronx County.

40. Plaintiff alleges that on or about July 8 and 12, 2022, with reckless disregard for the truth, victim T.J. testified for the People State of New York against him.

41. Plaintiff alleges that on or about July 12, 2022, he testified in his own defense.

42. Plaintiff alleges that on or about July 25, 2022, he was acquitted of Strangulation in the Second Degree, Criminal Obstruction of Breathing and related criminal charges in the People State of New York v. Jose Joseph Docket No.: 2019BX030754, Supreme Court of Bronx County, and the records sealed pursuant to Criminal Procedure Law § 160.50.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### VIOLATION OF THE FOURTH AMENDMENT
### FALSE ARREST
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

43. Plaintiff JOSE J. JOSEPH re-alleges Paragraphs 1 through 42 and incorporates them by reference as Paragraphs 1 through 42 of Count I of this Complaint.

44. Plaintiff JOSE J. JOSEPH alleges that Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN under color of law, personally interfered with and deprived him of his constitutional rights.

45. Plaintiff JOSE J. JOSEPH alleges that Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN acting individually and in their official capacities as public officials of Defendant THE CITY OF NEW YORK under color of law, falsely arrested and maliciously prosecuted him without probable cause in supreme court ultimately resulting in his termination from the Police Department City of New York.

46. Plaintiff JOSE J. JOSEPH alleges that because of alleges Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN'S conduct he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
### VIOLATION OF THE FOURTH AMENDMENT
### MALICIOUS PROSECUTION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

47. Plaintiff JOSE J. JOSEPH re-alleges Paragraphs 1 through 46 and incorporates them by reference as Paragraphs 1 through 46 of Count II of this Complaint.

48. Plaintiff JOSE J. JOSEPH alleges that Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN under color of law, personally interfered with and deprived him of his constitutional rights.

49. Plaintiff JOSE J. JOSEPH alleges that Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN acting individually and in their official capacities as public officials of Defendant THE CITY OF NEW YORK under color of law, falsely arrested and maliciously prosecuted him without probable cause in supreme court ultimately resulting in his termination from the Police Department City of New York.

50. Plaintiff JOSE J. JOSEPH alleges that because of alleges Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN'S conduct he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT III
### MONELL CLAIM
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

51. Plaintiff JOSE J. JOSEPH re-alleges Paragraphs 1 through 50 and incorporates them by reference as Paragraphs 1 through 50 of Count III of this Complaint.

52. Plaintiff JOSE J. JOSEPH alleges that Defendant THE CITY OF NEW YORK through its agents Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN caused his injuries.

53. Plaintiff JOSE J. JOSEPH alleges that Defendant THE CITY OF NEW YORK actions of implementing 'official and un-official' policies of supporting the filing of false arrests, maliciously prosecuting he and other similarly situated individuals without probable cause and intentionally withholding 'credible' evidence from the NYPD Department Advocate's Office and Trial Room regarding a witness's serious 'credibility' issues to secure a criminal conviction and termination of employment.

54. Plaintiff JOSE J. JOSEPH alleges that Defendant THE CITY OF NEW YORK through its agents Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN deprived him of his constitutional and statutory rights.

55. Plaintiff JOSE J. JOSEPH alleges that Defendant THE CITY OF NEW YORK through its agent's Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN actions caused him injuries.

56. Plaintiff JOSE J. JOSEPH alleges that Defendant THE CITY OF NEW YORK through its agents Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A.

FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN caused him to sustain damages.

## COUNT IV
## DENIAL OF ACCESS TO THE COURTS
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

57. Plaintiff re-alleges Paragraphs 1 through 56 and incorporates them by reference as Paragraphs 1 through 56 of Count IV of this Complaint.

58. Plaintiff JOSE J. JOSEPH alleges that Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN under color of law, personally interfered with and deprived him of his constitutional rights to prove his innocence in the NYPD internal investigation, Supreme Court of Bronx County and the NYPD Trial Room by falsely arresting and maliciously prosecuting him without probable cause ultimately resulting in his termination from the Police Department City of New York.

59. Plaintiff JOSE J. JOSEPH alleges Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN intentionally withheld 'credible' evidence from the Office of the District Attorney Bronx County, NYPD Department Advocate's Office and Trial Room that they were on notice regarding alleged victim T.J.'S serious 'credibility' issues of being under the influence of alcohol and her prior contact with the Police Department City of New York.

60. Plaintiff JOSE J. JOSEPH alleges that Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN intentionally

withheld 'credible' evidence from intentionally withheld 'credible' evidence from the Office of the District Attorney Bronx County, NYPD Department Advocate's Office and Trial Room that other than alleged victim T.J.'S "false representations," there was no corroborating "objective evidence" to suggest he committed the crimes of Strangulation in the Second Degree and related criminal charges.

61. Plaintiff JOSE J. JOSEPH alleges Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN knew that the Office of the District Attorney Bronx County, NYPD Department Advocate's Office and Trial Room would credit and act upon their intentional withholding of alleged victim T.J.'S serious 'credibility' issues of being under the influence of alcohol and her prior contact with the Police Department City of New York without further inquiry as public officials in law enforcement.

62. Plaintiff JOSE J. JOSEPH alleges that the Office of the District Attorney Bronx County did in fact credit Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN'S intentional withholding of alleged victim T.J.'S serious 'credibility' issues of being under the influence of alcohol and her prior contact with the Police Department City of New York over his claims of innocence although he was ultimately acquitted.

63. Plaintiff JOSE J. JOSEPH alleges that the NYPD Department Advocate's Office and Trial Room did in fact credit Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN'S intentional withholding of alleged victim T.J.'S

serious 'credibility' issues of being under the influence of alcohol and her prior contact with the Police Department City of New York over his claims of innocence.

64.     Plaintiff JOSE J. JOSEPH alleges that Defendants' JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN'S intentional withholding of alleged victim T.J.'S serious 'credibility' issues of being under the influence of alcohol and her prior contact with the Police Department City of New York resulted in his termination causing the loss of all pay and benefits, a multimillion-dollar future pension distribution, punitive damages, emotional distress, legal expenses, and other costs of pursuing the claims herein.

## JURY TRIAL

64.     Plaintiff JOSE J. JOSEPH demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff JOSE J. JOSEPH demands compensatory and punitive damages from Defendants' THE CITY OF NEW YORK; JOHN B. HART; MARLON O. LARIN; CARLOS A. FERNANDEZ; ALEXANDER L. SHOPIRO; SAHER Y. ABUMALOUH; MICHAEL J. MCDERMOTT and MICHAEL T. BROSNAN jointly and severally, in an amount to be determined at trial, plus available statutory remedies, both legal and equitable, interests and costs.

Dated: November 12, 2022
New York, N.Y.

Respectfully submitted,

By: *[signature]*

Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, N.Y. 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com