

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/13/2023

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**JAMES R. MURRAY**
*Assistant Corporation Counsel*
Phone: (212) 356-2372
Fax: (212) 356-3509
jamurray@law.nyc.gov

March 6, 2023

**VIA ECF**
Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Jose Joseph v. City of New York, et al.* 22 Civ. 9670 (LAK) (SDA)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for Defendants City of New York, Alexander L. Shopiro, Saher Y. Abumalouh, Michael J. McDermott, Michel T. Brosnan, and Marlon O. Larin in the above-referenced matter. Defendants respectfully write, with Plaintiff's consent, to request permission to file certain documents attached to their answer under seal and in redacted form.

**A) Background**

    By way of background, Plaintiff—who was a New York City Police Department officer at the time of the incident—alleges that the defendants, among other things, falsely arrested and maliciously prosecuted him after a complaining witness accused him of committing strangulation in the second degree. ECF No. 1. Defendants answered the Complaint on March 6, 2023 and attached to their answer two bodycam videos, a domestic incident report signed by the complaining victim, two transcripts from Plaintiff's disciplinary trial before the New York City Office of Administrative Trials and Hearings ("OATH"), and the report and recommendation issued after Plaintiff's OATH trial. ECF No. 19. Because videos cannot be uploaded to the Docket, Defendants submitted cover sheets in place of their bodycam exhibits and will provide the videos to the Court on a compact disc. Additionally, Defendants redacted the complaining victim's name—except for her initials—and address from the domestic incident report and the OATH documents.[1] Defendants respectfully request leave to file the bodycam videos under seal

---

[1] Defendants have reattached the redacted domestic incident report and OATH transcripts—which are Exhibits C, E, and F to Defendants' answer, respectively—to this letter for the Court's convenience.

and to submit the domestic incident report and the OATH transcripts as exhibits in their redacted form.  In accordance with Rule III(E) of the Court's Individual Practices, Defendants will submit a separate filing under seal containing the unredacted domestic incident report and transcripts.

**B) Governing Law**

In *Lugosch v. Pyramid Co.*, 435 F3d 110, 118-120 (2d Cir. 2006), the Second Circuit established a three-part framework for determining when a party may file a document under seal.  First, a Court must consider whether the document at issue is a "judicial document." *Id.* at 115.  "[A] document filed with the court is a judicial document if it would reasonably have the *tendency* to influence a district court's ruling on a motion…." *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022) (italics in original) (citations and internal quotations omitted).  If a document is judicial, then it is entitled to a presumption of access under federal common law and the First Amendment. *Lugosch*, 435 F3d 110 at 113.  Once a court determines that a document is entitled to a presumption of access, it must consider what weight to afford that presumption. *Id.* at 119.  The presumption is weightiest when the document at issue "can fairly be assumed to play a role in the court's deliberations" on a dispositive motion. *Id.* at 123.

"Finally, after determining the weight of the presumption of access, the court must balance competing considerations against it." *Lugosch*, 435 F3d 110 at 120.  A court will seal a record if doing so "is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124.  The Second Circuit has "previously held that 'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'" *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79-80 (2d Cir. 1990).

**C) Argument**

Here, the Court should grant Defendants leave to file the file the bodycam videos under seal and to redact the complaining victim's name, except for her initials, from the domestic incident report and the OATH documents because the proposed remedies are narrowly tailored to protect the third party victims' privacy interests.  The body camera footage shows the victim's interaction with officers who responded to her 911 call and depicts injuries to her neck and chin, shows the inside of her mother's home, and captures her statements about a past instance of domestic abuse committed by a non-party.  Defendants have a strong interest in withholding the complaining witness's full name and filing the bodycam videos under seal because the public disclosure of such sensitive information could disincentivize others from reporting domestic violence.  This is especially true given that the victim is a non-party and has therefore not put her identity at issue in this matter.

The proposed remedy—redacting the victim's address and name, except for her initials, and filing the bodycam videos under seal—is narrowly tailored to protect the victim's privacy.  The redactions to the OATH transcripts and domestic incident report would protect the victim's identity while allowing the public to view her allegations.  This comports with the rationale behind the presumption of public disclosure, as it would allow members of the public to "assess the correctness" of a judge's decision made based on the OATH transcripts or the domestic incident report. *Lugosch*, 435 F.3d 110 at 123 (explaining that "[i]f the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision . . . documents

that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision.). Though the public would not be able to view any part of the bodycam footage if it were filed under seal, there is no expedient way to remove only the sensitive information from the footage. Even if the Defendants could remove only the sensitive information, the remaining portions of the videos would be virtually useless to any member of the public seeking to assess the merits of this case.

Accordingly, Defendants respectfully request leave to file the bodycam videos under seal and to submit the domestic incident report and the OATH transcripts as exhibits in their redacted form.

Thank you for your consideration herein.

Respectfully submitted,

James R. Murray   s/
James R. Murray
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Room 3-183
New York, New York 10007
(212) 356-2372
jamurray@law.nyc.gov

CC:   **BY ECF**
*All counsel of record*

ENDORSEMENT: Application GRANTED. No later than Monday, March 20, 2023, Defendants shall send their bodycam exhibits (ECF No. 19, Exhibits A and B) on a compact disc to Judge Stewart D. Aaron, United States Courthouse, 500 Pearl Street, New York, NY 10007. Upon receipt of the bodycam exhibits, the Court will file the exhibits under seal. SO ORDERED.
Dated: March 13, 2023

3