

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/05/2023

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JAMES R. MURRAY**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2372<br>Fax: (212) 356-3509<br>jamurray@law.nyc.gov |

April 4, 2023

<u>VIA ECF</u>
Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *Jose Joseph v. City of New York, et al.* 22 Civ. 9670 (LAK) (SDA)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for Defendants City of New York, Carlos Fernandez, John B. Hart, Alexander L. Shopiro, Saher Y. Abumalouh, Michael J. McDermott, Michel T. Brosnan, and Marlon O. Larin in the above-referenced matter. Defendants respectfully write, with Plaintiff's consent, to request that the Court 1) stay discovery in this matter pending the resolution of Defendants' anticipated fully dispositive Rule 12(c) motion and 2) stay the April 21, 2023 initial conference *sine die*.

  On April 4, 2023, Defendants filed a letter requesting a briefing schedule for their anticipated fully motion for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 28. Defendants proposed that they file their motion on or before May 12, 2023; that Plaintiff's opposition be due on June 12, 2023, and that Defendants' reply be due on June 26, 2023. *Id.* Defendants now request that the Court stay discovery during the pendency of that motion. District courts have discretion to stay discovery for good cause pending the determination of dispositive motions. *See Transunion Corp. v. PepsiCo, Inc.,* 811 F.2d 127, 130 (2d Cir. 1987). Courts have found that "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'does not appear to be without foundation in law.'" *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409 M 21-95, 2002 US Dist. LEXIS 974, at *4 (S.D.N.Y. Jan. 22, 2002). When determining whether there is good cause for a stay, a court will consider 1) the strength of the underlying motion, 2) "the breadth of discovery and the burden of responding to it," and 3) the risk of prejudice to the plaintiff. *Id*. at *3-5.

  Here, Defendants have substantial grounds to make their anticipated motion. Plaintiff's primary claims are false arrest, malicious prosecution, and municipal liability. *See* ECF No. 1. Probable cause is a complete defense to false arrest and malicious prosecution claims.

*Devenpeck v. Alford*, 543 U.S. 146, 152-154 (2004); *Smith v. City of New York*, No. 04 Civ. 3286, 2010 U.S. Dist. LEXIS 88774, 2010 WL 3397683, at *9 (S.D.N.Y. Aug. 27, 2010). "[P]robable cause exists if a law enforcement officer 'received [] information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity.'" *Betts v. Shearman*, 751 F3d 78, 82 (2d Cir. 2014) (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006)). Here, Plaintiff admits that a complaining victim accused him of strangling her but alleges that she was incredible because she was "under the influence of alcohol" and had "been either arrested, the alleged victim of domestic violence or accused of falsely reporting other family members and male partners of domestic violence resulting in false arrests and/or Article 10 petitions filed against them." ECF No. 1. He also claims that there was no there was no "corroborating 'objective evidence'" to support her allegations. *Id.* As explained more fully in Defendants' April 4, 2023 letter, these allegations are directly analogous to those in *Betts v. Shearman*, a case where the plaintiff also alleged that the complaining victim was incredible because she "was obviously intoxicated, high, and appeared strung out; she had made false accusations against Betts in the past; and there was a lack of physical evidence to support an assault charge." *See Betts*, 751 F3d at 82-83. In that case, the Second Circuit upheld the dismissal of the plaintiff's false arrest and malicious prosecution claims pursuant to Rule 12(c). *Id.* Here, the Court will likely dismiss Plaintiff's false arrest and malicious prosecution claims for the same reasons articulated in *Betts*.

   Plaintiff has not adequately pled a *Monell* claim because his allegations do not suggest that the City maintained an unconstitutional policy or custom. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985). Plaintiff claims the City has both an official and unofficial policy of intentionally withholding exculpatory evidence from the Department Advocate's Office. ECF No. 1. That allegation is clearly too broad to support a *Monell* claim and it is unclear which provision of the Constitution the City would violate by withholding exculpatory evidence from the Department Advocate's Office, rather than prosecutors.

   If discovery is not stayed, the parties will have to conduct substantial discovery. The parties will likely have to depose nine people—Plaintiff, the seven named Defendants, and the complaining victim. The parties may also need to depose some or all of the six non-party officers who responded to the victim's apartment after she called the police. The Court would not prejudice Plaintiff by staying this case, as Plaintiff has consented to this stay request.

   Accordingly, Defendants respectfully request that the Court 1) stay discovery in this matter pending the resolution of their anticipated fully dispositive Rule 12(c) motion and 2) stay the April 21, 2023 initial conference *sine die*.

   Thank you for your consideration herein.

                                                               Respectfully submitted,

                                                               <u>James R. Murray  s/    </u>
                                                               James R. Murray
                                                               Assistant Corporation Counsel
                                                               New York City Law Department
                                                               100 Church Street, Room 3-183
                                                               New York, New York 10007
                                                               (212) 356-2372
CC:  **<u>BY ECF</u>**                                                jamurray@law.nyc.gov
      *All counsel of record*

ENDORSEMENT: The conference scheduled for April 21, 2023, at 10:30 a.m. is adjourned *sine die*. Discovery is stayed on consent. SO ORDERED.
Dated: April 5, 2023

*[signature: Stewart D. Aaron]*