```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/17/2023
```



*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**JAMES R. MURRAY**
*Assistant Corporation Counsel*
Phone: (212) 356-2372
Fax: (212) 356-3509
jamurray@law.nyc.gov

May 10, 2023

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Application GRANTED. Permission to file these documents under seal was previously granted per ECF No. 27. SO ORDERED.

Dated: 7/17/2023

*[signature: Stewart D. Aaron]*

Re:   *Jose Joseph v. City of New York, et al.* 22 Civ. 9670 (LAK) (SDA)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for Defendants City of New York, Alexander L. Shopiro, Saher Y. Abumalouh, Michael J. McDermott, Michel T. Brosnan, and Marlon O. Larin in the above-referenced matter.  Defendants respectfully write, with Plaintiff's consent, to request permission to file certain documents under seal and in redacted form in connection with their Rule 12(c) motion, which will be filed on May 12, 2023.

**A) Background**

    By way of background, Plaintiff—who was a New York City Police Department officer at the time of the incident—alleges that the defendants, among other things, falsely arrested and maliciously prosecuted him after a complaining witness accused him of committing strangulation in the second degree.  ECF No. 1.  Defendants answered the Complaint on March 6, 2023 and incorporated into their Answer, among other things, a bodycam video captured by Officer Amanda DiFrancesco—an officer who spoke to the victim on the date of the incident—and a domestic incident report ("DIR") signed by the victim.  ECF No. 19.  Defendants moved to file the bodycam video under seal annexed as an exhibit to their answer and to redact the victim's address and name, except for her initials, from the DIR on March 6, 2023.  ECF No. 20.  The Honorable Stewart D. Aaron granted Defendants' request on March 13, 2023.  ECF No. 27.

    On April 4, 2023, Defendants filed a proposed briefing schedule for their anticipated judgment for a motion on the pleadings.  ECF No. 28.  That briefing schedule was endorsed the following day and Defendants' current deadline to file their Rule 12(c) motion is May 12, 2023.  ECF No. 30.  Defendants intend to submit two exhibits to their Rule 12(c) motion—Officer DiFrancesco's bodycam and the DIR, both of which are currently filed under seal before Judge

Aaron as exhibits to Defendants' Answer.[1]  Because those exhibits have been incorporated into Defendants' Answer, the Court may consider them when ruling on Defendants motion for a judgment on the pleadings.  *Adams v. City of New York*, 2003 U.S. Dist. LEXIS 5012, at *3-4 (S.D.N.Y. Mar. 31, 2003) (considering on a Rule 12(c) motion two NYPD Internal Affairs Bureau reports attached to the City of New York's answer, but not to the plaintiff's complaint). Accordingly, Defendants now seek permission to file Officer DiFrancesco's bodycam video under seal and to file the DIR in redacted form as exhibits to their Rule 12(c) motion.

### B) Governing Law

In *Lugosch v. Pyramid Co.*, 435 F3d 110, 118-120 (2d Cir. 2006), the Second Circuit established a three-part framework for determining when a party may file a document under seal. First, a Court must consider whether the document at issue is a "judicial document."  *Id.* at 115. "[A] document filed with the court is a judicial document if it would reasonably have the *tendency* to influence a district court's ruling on a motion…."  *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022) (italics in original) (citations and internal quotations omitted).  If a document is judicial, then it is entitled to a presumption of access under federal common law and the First Amendment.  *Lugosch*, 435 F3d 110 at 113.  Once a court determines that a document is entitled to a presumption of access, it must consider what weight to afford that presumption.  *Id.* at 119.  The presumption is weightiest when the document at issue "can fairly be assumed to play a role in the court's deliberations" on a dispositive motion. *Id.* at 123.

"Finally, after determining the weight of the presumption of access, the court must balance competing considerations against it."  *Lugosch*, 435 F3d 110 at 120.  A court will seal a record if doing so "is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."  *Id.* at 124.  The Second Circuit has "previously held that 'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'"  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79-80 (2d Cir. 1990).

### C) Argument

Here, the Court should grant Defendants leave to file Officer DiFrancesco's bodycam under seal and to redact the victim's address and name, except for her initials, from the DIR because the proposed remedies are narrowly tailored to protect the third party victims' privacy interests.  The body camera footage shows the victim's interaction with officers who responded to her 911 call and depicts injuries to her neck and chin, shows the inside of her mother's home, and captures her statements about a past instance of domestic abuse committed by a non-party. Defendants have a strong interest in withholding the complaining witness's full name and filing the bodycam video under seal because the public disclosure of such sensitive information could disincentivize others from reporting domestic violence.  This is especially true given that the victim is a non-party and has therefore not put her identity at issue in this matter.

---

[1] In accordance with the Court's individual rules, Defendants have submitted the proposed redacted version of the DIR as an exhibit to this letter and will submit Officer DiFrancesco's bodycam to chambers under separate cover.

The proposed remedy—redacting the victim's address and name, except for her initials, from the DIR and filing the bodycam videos under seal—is narrowly tailored to protect the victim's privacy.  Redacting the DIR in the proposed manner would  protect the victim's identity while allowing the public to view her allegations.  This comports with the rationale behind the presumption of public disclosure, as it would allow members of the public to "assess the correctness" of a judge's decision made based on the DIR.  *Lugosch*, 435 F.3d 110 at 123 (explaining that "[i]f the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision . . . documents that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision.").  Though the public would not be able to view any part of the bodycam footage if it were filed under seal, there is no expedient way to remove only the sensitive information from the footage.  Even if the Defendants could remove only the sensitive information, the remaining portions of the videos would be virtually useless to any member of the public seeking to assess the merits of this case.

Accordingly, Defendants respectfully request leave to file Officer DiFrancesco's bodycam video under seal and to redact the victim's address and name, except for her initials, from the DIR.

Thank you for your consideration herein.

Respectfully submitted,

<u>James R. Murray</u>  s/_____
James R. Murray
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Room 3-183
New York, New York 10007
(212) 356-2372
jamurray@law.nyc.gov

CC:   **BY ECF**
       *All counsel of record*

# New York State DOMESTIC INCIDENT REPORT

**Agency:** NYPD   **A**   ORI:   Incident #:

**Reported Date:** 12/1/19   **Time (24 hours):** 0900   **Occurred Date:** 12/1/19   **Time (24 hours):** 0730   ☐ Officer Initiated   ☐ Radio Run   ☐ Walk-in   Complaint #:
☒ ICAD (NYC) 0191201060940

**Address:** 2384 UNION AVE   **City, State, Zip:** BRONX, NY

## Victim (P1)
**Name (Last, First, M.I.):** [REDACTED]   **DOB:** [REDACTED]   **Age:** 23   ☒ Female ☐ Male ☐ Self-Identified
**Address:** [REDACTED]   **Victim Phone Number:** [REDACTED]   **Language:** ENGLISH
**City, State, Zip:** NY, NY 10034   ☐ White ☒ Black ☐ Asian ☐ American Indian ☐ Other   ☒ Hispanic ☐ Non Hispanic ☐ Unknown   Other Identifier:
**How can we safely contact you?** PHONE

## Suspect (P2)
**Name (Last, First, M.I.):** JOSEPH, JOSE   **DOB:** [REDACTED]   **Age:** 30   ☐ Female ☒ Male ☐ Self-Identified
**Address:** [REDACTED]   **Suspect Phone Number:** [REDACTED]   **Language:** ENGLISH
**City, State, Zip:** [REDACTED]   ☐ White ☒ Black ☐ Asian ☐ American Indian ☐ Other   ☐ Hispanic ☒ Non Hispanic ☐ Unknown   Other Identifier:

**Do suspect and victim live together?** ☐ Yes ☒ No   **Suspect/P2 present?** ☐ Yes ☒ No   **Was suspect injured?** ☐ Yes ☒ No If yes describe:   **Possible drug or alcohol use?** ☒ Yes ☐ No   **Suspect supervised?** ☐ Probation ☐ Parole ☒ Not Supervised ☐ Status Unknown

**Suspect (P2) Relationship to Victim (P1):** ☐ Married ☒ Intimate Partner/Dating ☐ Formerly Married ☐ Former Intimate Partner ☐ Parent of Victim (P1) ☐ Child of Victim ☐ Relative ☐ Other   **Do the suspect and victim have a child in common?** ☐ Yes ☒ No

## Victim Interview
**Emotional condition of VICTIM?** ☒ Upset ☐ Nervous ☐ Crying ☐ Angry ☐ Other:

**What were the first words that VICTIM said to the Responding Officers at the scene regarding the incident?**
IM THE ONE WHO CALLED 911

**Did suspect make victim fearful?** ☒ Yes ☐ No If yes, describe:
**Weapon Used?** ☐ Yes ☒ No Gun: ☐ Yes ☐ No Other, describe:   **Suspect Threats?** ☐ Yes ☒ No If Yes, Threats to: ☐ Victim ☐ Child(ren) ☐ Pet ☐ Commit Suicide ☐ Other Describe:
**Access to Guns?** ☐ Yes ☒ No If yes, describe:
**Injured?** ☒ Yes ☐ No If yes, describe:   **Strangulation?** ☒ Yes ☐ No ☐ Red eyes/Petechia ☐ Sore Throat ☒ Loss of Consciousness ☐ Urination/Defecation ☒ Breathing Changed ☐ Difficulty Swallowing
**In Pain?** ☒ Yes ☐ No If yes, describe:   **Visible Marks?** ☒ Yes ☐ No If yes, describe:

## Suspect
**What did the SUSPECT say (Before and After Arrest):**
NOT PRESENT

**710.30 completed?** ☐ Yes ☐ No

## Witnesses
**Child/Witness (1) Name (Last, First, M.I.):** N/A   DOB:   Address:   City, State, Zip:   Phone:
**Child/Witness (2) Name (Last, First, M.I.):**   DOB:   Address:   City, State, Zip:   Phone:

## Incident Narrative
Briefly describe the circumstances of this incident: AT TPO P1 STATES HER AND P2, WHO IS HER BOYFRIEND, GOT INTO AN ARGUMENT ABOUT HIM BEING INTOX. AND COULD NOT DRIVE. P1 ORDERED AN UBER AT WHICH TIME P2 GRABBED HER PHONE, BEGAN PUNCHING HER W/ CLOSED FIST TO RIBS AND BACK, AND CHOKED HER BY PUTTING BOTH HIS HANDS AROUND HER NECK CAUSING HER TO LOSE CONSCIOUSNESS AND P1 HAS VISIBLE INJURIES. P1 STATES P2 CHOKED HER AGAIN IFO OF HER ADDRESS. P1 STATES P2 HAS NEVER BEEN LIKE THIS BEFORE. P1 RMA ACR# 286530S1 136 GAMBLE #8109
① RED NISSAN SUV
② FACEBOOK, IG, SNAPCHAT
③ CLUBS IN THE BRONX
④ NYPD TD3
IAB LOG # 2019-42981

**Order of Protection Registry checked?** ☒ Yes ☐ No   **Order of Protection in effect?** ☐ Yes ☒ No ☐ Refrain ☐ Stay Away
**DIR Repository checked?** ☒ Yes ☐ No   **Other Evidence:** ☐ Damaged Property ☐ Videos   **Destruction of Property?** ☐ Yes ☒ No If yes, Describe:
**Evidence Present?** ☒ Yes ☐ No   **Photos taken?** ☒ Victim Injury ☐ Suspect Injury ☐ Other   ☐ Electronic Evidence ☐ Other
**Offense Committed?** ☒ Yes ☐ No   **Was suspect arrested?** ☐ Yes ☒ No   **If no, explain:** NOT PRESENT   **Offense 1:** STRANGULATION   **Law (e.g. PL):**   **Offense 2:**   **Law (e.g. PL):**

NYS DOMESTIC AND SEXUAL VIOLENCE HOTLINE 1-800-942-6906   3221-03/2016 DCJS Copyright © 2016 by NYS DCJS

POLICE COPY (Please make a copy for DA's office if appropriate)

| Agency: NYPD | B | ORI: | Incident # | Complaint # |

**Describe Victim's prior domestic incidents with this suspect** (Last, Worst, First):

NO PRIOR DIR

If the Victim answers "yes" to any questions in this box refer to the NYS Domestic and Sexual Violence Hotline at 1-800-942-6906 or Local Domestic Violence Service Provider: (         )

**Has Suspect ever:**
- Threatened to kill you or your children? ☐ Yes ☒ No
- Strangled or "choked" you? ☒ Yes ☐ No
- Beaten you while you were pregnant? ☐ Yes ☒ No

- Is suspect capable of killing you or children? ☐ Yes ☒ No
- Is suspect violently and constantly jealous of you? ☒ Yes ☐ No
- Has the physical violence increased in frequency or severity over the past 6 months? ☐ Yes ☒ No

Is there reasonable cause to suspect a child may be the victim of abuse, neglect, maltreatment or endangerment? ☐ Yes ☒ No
If Yes, the Officer must contact the NYS Child Abuse Hotline Registry # 1-800-635-1522.

Was DIR given to the Victim at the scene? ☒ Yes ☐ No if NO, Why:
Was Victim Rights Notice given to the Victim? ☒ Yes ☐ No if NO, Why:

**Signatures:**
Reporting Officer (Print and Sign include Rank and ID#)
Supervisor (Print and Sign include Rank and ID#)

## STATEMENT OF ALLEGATIONS/SUPPORTING DEPOSITION

* Officers are encouraged to assist the Victim in completing this section of the form.

**Suspect Name** (Last, First, M.I.)

I, [REDACTED] (Victim/Deponent Name) state that on 12/01/19, (Date) at [REDACTED] (Location of incident) in the County/City/Town/Village New York, NY of the State of New York, the following did occur: I was at an after party with Jose, everything was fine until we made it to his car and I decided to order an uber because Jose was under the influence. I know that because he started to fall asleep. When my uber arrived Jose woke up and snatched the phone out my hand and proceeded to slap me and choke me until I lost conciousness. When I woke up Jose was hitting me while holding me in ~~his mouth~~ his other arm. The uber driver called my phone and Jose told the driver to cancel. After he hung up he punched me on the sides and proceeded to choke me and dig his nails into my skin. He told me never to order an uber again while I am with him. I begged him multiple times to stop.

False Statements made herein are punishable as a Class A Misdemeanor, pursuant to section 210.45 of the Penal Law.

Victim/Deponent Signature: [REDACTED]    Date: 12/1/19

Witness or Officer Signature    Date

Interpreter Signature and Interpreter Service Provider Name    Date
Interpreter Requested ☐ Yes ☐ No   Interpreter Used ☐ Yes ☐ No

Note: Whether or not this form is signed, this DIR Form will be filed with Law Enforcement.

Page 2 of 2

POLICE COPY (Please make a copy for DA's office if appropriate)   NYS DOMESTIC AND SEXUAL VIOLENCE HOTLINE 1-800-942-6906   3221-03/2016 DCJS Copyright © 2016 by NYS DCJS