```
                                                    ┌─────────────────────────────┐
                                                    │ USDS SDNY                   │
                                                    │ DOCUMENT                    │
                                                    │ ELECTRONICALLY FILED        │
                                                    │ DOC #: _____    │
                                                    │ DATE FILED: 3/4/24          │
                                                    └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSE J. JOSEPH,

        Plaintiff,

    -against-               22-cv-9670 (LAK)

CITY OF NEW YORK, et al.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

      This is a Section 1983 action against the City of New York and certain employees

of the New York City Police Department.  Plaintiff Jose J. Joseph's claims arise from his arrest and

subsequent prosecution on domestic violence charges.  Before the Court is defendants' motion for

a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1]  In a report and

recommendation dated August 1, 2023, Magistrate Judge Stewart D. Aaron recommended that the

Court grant defendants' motion with respect to Counts II (malicious prosecution), III (*Monell* claim),

and IV (denial of access to courts) as to all defendants, grant defendants' motion with respect to

Count I (false arrest) as to defendants McDermott and Brosnan, and deny defendants' motion with

---

[1]     Dkt 35.

2

respect to Count I as to the remaining defendants.[2]   Defendants object to the report and recommendation insofar as it recommends denying in part their motion with respect to Count I.[3] Plaintiff neither filed an objection of his own nor responded to defendants' objection.

Defendants' motion for a judgement on the pleadings is granted with respect to Counts II–III and with respect to Count I as to McDermott and Brosnan for the reasons set forth in Magistrate Judge Aaron's report and recommendation.   For the reasons explained below, defendants' motion with respect to Count I is granted as to the remaining defendants.[4]

"Probable cause is a complete defense to a constitutional claim of false arrest."[5] "Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been . . . committed by the person to be arrested."[6]   A police officer has probable

---

[2]
     Dkt 41.

[3]
     Dkt 42.

[4]
     The remainder of this order refers to the remaining defendants as simply "defendants."

[5]
     *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014).

[6]
     *Williams v. Town of Greenburgh*, 535 F.3d 71, 79 (2d Cir. 2008) (internal quotation and alteration marks omitted).

cause to make an arrest on an accusation of a complaining witness "unless the circumstances raise

doubt as to the person's veracity."[7]  Even where there are such doubts, probable cause nevertheless

exists if there is an independent basis to credit the witness's account such as physical injuries.[8]

       "Even in the absence of probable cause, a police officer is entitled to qualified

immunity [if] . . . it was objectively reasonable for her to believe that her actions were lawful at the

time of the challenged act."[9]  "An officer's determination" that the officer has probable cause to

arrest "is objectively reasonable if there was 'arguable' probable cause at the time of arrest — that

is, if 'officers of reasonable competence could disagree on whether the probable cause test was

met.'"[10]

       This Court need not determine whether plaintiff alleges sufficiently that defendants

---

[7]    *Betts*, 751 F.3d at 82.

[8]    *See Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997); *Ziming Shen v. City of New York*, 725 F. App'x 7, 13 (2d Cir. 2018) (summary order); *Powar v. City of New York*, No. 14-CV-4053 (KAM), 2016 WL 8711092, at *8 (E.D.N.Y. Sept. 30, 2016) ("A putative victim's veracity may be corroborated . . . by such things as . . . the officer's observation of the putative victim's physical injuries . . . ." (quoting *Williams v. Schultz*, No. 06-CV-1104 (DNH), 2008 WL 4635383, at *9 (N.D.N.Y. Oct. 16, 2008))).

[9]    *Betts*, 751 F.3d at 82–83 (internal quotation and alteration marks omitted).

[10]    *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007) (quoting *Lennon v. Miller*, 66 F.3d 416, 423–24 (2d Cir.1995)).

4

lacked probable cause to arrest him because, at the least, defendants had arguable probable cause.[11]

Although plaintiff claims that the complaining witness's statements were false, he acknowledges

that she called 911, accompanied responding officers to the 34th Precinct, and alleged that he had

struck and chocked her.[12]   The crux of plaintiff's false arrest claim is that defendants knew and

disregarded reasons to question the witness's credibility[13] and that "there's no independent

'corroborative' evidence that he committed any criminal offense."[14]   Although it is arguable that the

complaint alleges sufficiently that defendants had reason to doubt the veracity of the witness's

account,[15] there was independent, corroborative evidence in the pleadings.[16]   Specifically, as

---

[11]

　　　See Pearson v. Callahan, 555 U.S. 223, 236 (2009) (holding that courts may consider whether defendants are entitled to qualified immunity without first determining that plaintiffs alleged the violation of a constitutional right); Torres v. Vill. of Sleepy Hollow, 379 F. Supp. 2d 478, 483 (S.D.N.Y. 2005) ("[Q]ualified immunity ought to be decided . . . at the earliest possible opportunity — preferably at the outset of the case . . . .").

[12]

　　　Dkt 1 at ¶¶ 14–16.

[13]

　　　Dkt 1 at ¶¶ 17–18, 21–22 (witness was intoxicated, had previous police contact, and had "been either arrested, the alleged victim of domestic violence or accused of falsely reporting other family members and male partners of domestic violence").

[14]

　　　Dkt 1 at ¶ 23.

[15]

　　　Defendants persuasively call into question whether the complaint alleges that defendants had reason to believe that the witness was not credible.  See Dkt 42 at 7–8.

[16]

　　　See DPWN Holdings (USA), Inc. v. United Air Lines, Inc., 747 F.3d 145, 151–52 (2d Cir. 2014) ("Although factual allegations of a complaint are normally accepted as true on a motion to dismiss, that principle does not apply to general allegations that are contradicted "by more specific allegations in the Complaint." (quoting Hirsch v. Arthur Andersen & Co.,

Case 1:22-cv-09670-LAK-SDA    Document 46    Filed 03/04/24    Page 5 of 5

5

recorded in the police department's domestic incident report,[17] the witness had "visible injuries,"

which were photographed.[18]  The complaining witness's statement and her physical injuries made

it at least arguable that there was probable cause to arrest plaintiff.  Accordingly, defendants are

entitled to qualified immunity.

      For the foregoing reasons, defendants' motion for judgment on the pleadings is

granted and the case dismissed.

      SO ORDERED.

Dated:      March 4, 2024

                               Lewis A. Kaplan
                         United States District Judge

---

[17]  72 F.3d 1085, 1095 (2d Cir. 1995) (citation omitted)); *Beauvoir v. Israel*, 794 F.3d 244, 248 (2d Cir. 2015).

Magistrate Judge Aaron determined that the domestic incident report is properly considered as it is "integral to the Complaint." Dkt 41 at 7 (citing Dkt 1 at ¶¶ 16–18). *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (holding that "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint" (internal quotation marks omitted)).

[18]  Dkt 43-1.